**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Edgar Maximo Arellano-Castillo individually and on behalf of other employees similarly situated, Plaintiff
v.
Liberty Inn, Inc. dba Liberty Restaurant and George Frangos, individually, Defendants

**COMPLAINT**

Edgar Maximo Arellano-Castillo ("Plaintiff"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/4 ("IWPCA"), complains against Liberty Inn, Inc. dba Liberty Restaurant ("Liberty Restaurant") and George Frangos ("George") (collectively, "Defendants"). In support, Plaintiff states:

**Introduction**

1. This lawsuit arises from Defendants' failure to pay Plaintiff and other similarly situated current and former tipped employees earned minimum wage, overtime wages, and straight-time wages.

2. Defendants pay their tipped employees a sub-minimum hourly wage under the tip credit provisions of the FLSA and IMWL.

3. The FLSA and IMWL permit employers of tipped employees to pay wages less than the minimum wages by taking a tip credit against tipped employee wages if employers comply with the requirements of the tip-credit provisions.

4. Defendants willfully disregarded those requirements, and their failure to pay minimum wage and overtime wages violated the FLSA and IMWL.

5. Defendants also failed to pay tipped employees all wages for straight-time worked, in violation of the IWPCA.

6. Defendants denied Plaintiff and the class their earned wages by, among other unlawful actions, requiring tipped employees to perform restaurant duties outside their tipped occupation such as food preparation and cleaning while paying those employees at the tip-credit rate, failing to inform tipped employees of the tip credit provisions of 29 U.S.C. §203(m), requiring tipped employees to participate in a tip pool where the Defendants illegally kept a portion of tipped employees' tips, and manipulating the timekeeping system to reduce the amount of work time.

7. Plaintiff and the persons he seeks to represent are Defendants' current and former tipped employees that worked at Defendants' restaurant in Libertyville Illinois.

### Jurisdiction and Venue

8. 28 U.S.C. § 1331 grants the Court original jurisdiction over Plaintiff's FLSA claims.

9. 28 U.S.C. § 1337 grants the Court supplemental jurisdiction over Plaintiff's state law claims.

10. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

### Facts

11. Defendants operate a restaurant called "Liberty Restaurant" located at 419 South Milwaukee Avenue, Illinois 60048.

12. George is the owner of Liberty Restaurant.

13. George resides and is domiciled in this judicial district.

14. George is involved in the day-to-day business operations of Liberty Restaurant and has the authority to hire and fire employees, direct and supervise employee job functions, sign on the

business's checking and payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

15. Defendants had annual gross sales of $500,000.00 or more during the limitations period.

16. Liberty Restaurant is an enterprise as defined by the FLSA, 29 U.S.C. § 203(r)(1).

17. Defendants are engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

18. Defendants were Plaintiff's "employer" as defined by the FLSA.

19. Defendants were Plaintiff's "employer" as defined by the IMWL.

20. Defendants were Plaintiff's "employer" as defined by the IWPCA.

21. Plaintiff was Defendants' employee as defined by the FLSA.

22. Plaintiff was Defendants' employee as defined by the IMWL.

23. Plaintiff was Defendants' employee as defined by the IWPCA.

24. Plaintiff worked as a server, bartender, and cashier at Liberty Restaurant.

25. Plaintiff did not receive bonified meal breaks because he either did not receive a meal break at all or because his meal breaks were interrupted for work-related purposes.

26. As part of Plaintiff's job functions, Plaintiff regularly processed credit card payments for Defendants' customers.

27. During the course of employment, Plaintiff handled goods that moved or that were intended to move in interstate commerce such as drinks, food, equipment, and supplies.

28. Plaintiff worked for Defendants from approximately December 2011 to April 3, 2016.

29. Defendants took a tip credit against Plaintiff's wages.

30. Defendants paid Plaintiff on a bi-weekly basis.

31. Defendants forced Plaintiff and other similarly situated employees to participate in an illegal tip pool.

## **COUNT I: FLSA Minimum Wage Violation (Collective Action)**

32. Plaintiff incorporates all preceding paragraphs of this Complaint.

33. Plaintiff's notice of consent to become a party plaintiff in a collective action under the Fair Labor Standards Act is attached hereto as Exhibit A.

34. This count arises from Defendants' willful violations of the FLSA, for their failure to pay minimum wages to Plaintiff and other current and former employees working at Defendants' restaurant called "Liberty Restaurant."

35. As tipped employees, Plaintiff and other current and former employees were not exempt from the minimum wages provisions of the FLSA.

36. Plaintiff and other current and former employees, as tipped employees, were paid by Defendants at a tip-credit rate less than minimum wage.

37. Although Defendants took a tip credit against tipped employees' wages, Defendants failed to comply with 29 U.S.C. §203(m).

38. Defendants regularly required Plaintiff and other tipped employees to perform duties outside their tipped occupations and failed to pay minimum wages while Plaintiff and other tipped employees were engaged in those non-tipped duties.

39. Defendants failed to inform tipped employees of the tip credit provisions of 29 U.S.C. §203(m).

40. Plaintiff and other tipped employees were not permitted to retain all the tips tendered by customers because Defendants kept a portion of the tips.

41. Plaintiff and other tipped employees are due unpaid minimum wages and liquidated damages.

WHEREFORE, Plaintiff respectfully request that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid minimum wages for all time worked by Plaintiff and other similarly situated employees;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court deems just and proper.

### COUNT II: FLSA Overtime Wage Violation (Collective Action)

42. Plaintiff incorporates all preceding paragraphs of this Complaint.

43. Plaintiff's notice of consent to become a party plaintiff in a collective action under the Fair Labor Standards Act is attached hereto as Exhibit A.

44. Plaintiff and other similarly-situated employees were directed by Defendants to work more than forty (40) hours per week.

45. Throughout the course of Plaintiff's employment with Defendant, Plaintiff and other similarly situated employees worked more than forty (40) hours weekly in one or more individual work weeks.

46. Defendants did not pay Plaintiff and other similarly situated employees overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

47. Defendants paid Plaintiff and other similarly situated employees their respective regular rate for all hours worked weekly, including hours worked over forty each week.

48. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

49. Neither Plaintiff nor other similarly-situated employees are exempt from the overtime provisions of the FLSA.

50. Defendants' failure to pay overtime violated the FLSA.

51. Defendants' FLSA violation was willful.

52. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully request that the Court:

H. Determine that this action may be maintained as a collective action pursuant to the FLSA.

I. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees over forty (40) hours in individual work weeks;

J. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

K. Declare Defendants to be in violation of the FLSA;

L. Enjoin Defendants from violating the FLSA;

M. Award reasonable attorneys' fees and costs; and

N. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT III: IMWL Overtime Wage Violation (Class Action)

53. Plaintiff incorporates all preceding paragraphs of this Complaint.

54. Plaintiff brings this count as a class action under Fed.R.Civ.P. 23.

55. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

56. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

57. Defendants directed Plaintiff and the putative class to work more than forty (40) hours in individual work weeks.

58. Plaintiff and the putative class worked more than forty (40) hours in individual work weeks.

59. Defendants did not pay Plaintiff and the putative class overtime wages.

60. Plaintiff and the putative class were not exempt from overtime wages.

61. Defendants violated the IMWL by failing to compensate Plaintiff and the putative class consistent with the IMWL's overtime wage provisions.

62. Defendants employed more than forty (40) individuals in similar positions in the State of Illinois in the last three (3) years.

63. This count is brought as a class action because the proposed class members similarly-situated to Plaintiff are so numerous that joinder of all members is impracticable. Therefore, Plaintiff brings this action on his own behalf and on behalf of other aggrieved employees, in a representative capacity, against Defendants.

64. Plaintiff and other tipped employees are equally affected by Defendant's overtime wage violations, and the relief sought is for the benefit of the Plaintiff named in this lawsuit and the class that Plaintiff seek to represent.

65. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

66. Plaintiff and the putative class on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought: owed overtime wages, statutory damages, attorneys' fees, and the costs of this lawsuit.

67. Plaintiff believes and asserts that he is able to fairly and adequately represent and protect the interests of the class.

68. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, to the Court, and to Defendants. Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

69. Defendants violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

70. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

### COUNT IV: IMWL Minimum Wage Violation (Class Action)

71. Plaintiff incorporates all preceding paragraphs of this Complaint.

72. Plaintiff brings this count as a class action under Fed.R.Civ.P. 23.

73. Plaintiff and the putative class were not exempt from minimum wages.

74. Defendants violated the IMWL by failing to compensate Plaintiff and the putative class consistent with the IMWL's minimum wage provisions.

75. An employer may lawfully pay a tipped employee less than minimum wage, and take a "tip-credit" if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage (IMWL, 820 ILCS 105/4(c); FLSA 29 U.S.C. §203(m)).

76. Among other requirements, the tip credit provision does not apply unless an employee is a "tipped employee," the employer has informed the employee of the provisions of the tip-credit subsection, and the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted.

77. Although Defendants took the tip credit by paying Plaintiffs and the class less than the minimum hourly wage, Defendants did not inform the employees of the provisions of the tip credit subsection.

78. In addition, Defendants have a practice of regularly utilizing tipped employees to perform 'back of the house' duties and other work not within the scope of a tipped occupation.

79. Defendants regularly require servers to perform "back-of-the house" duties but continued to pay them tip-credit wages while the employees were engaged in those non-tipped duties.

80. Defendants take a portion of the tips given to tipped employees by patrons and Defendants use those tips for their own purposes.

81. Defendants employed more than forty (40) individuals in similar positions in the State of Illinois in the last three (3) years.

82. This count is brought as a class action because the proposed class members similarly-situated to Plaintiff are so numerous that joinder of all members is impracticable. Therefore, Plaintiff

bring this action on his own behalf and on behalf of other aggrieved employees, in a representative capacity, against Defendants.

83. Plaintiff and other tipped employees are equally affected by Defendant's overtime wage violations, and the relief sought is for the benefit of the Plaintiff named in this lawsuit and the class that Plaintiff seek to represent.

84. The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

85. Plaintiff and the putative class on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought: owed overtime wages, statutory damages, attorneys' fees, and the costs of this lawsuit.

86. Plaintiff believes and asserts that he is able to fairly and adequately represent and protect the interests of the class.

87. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in a multiplicity of lawsuits and would create a hardship to the individuals, to the Court, and to Defendants. Thus, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

88. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully request that this Honorable Court:

A. Enter a judgment in the amount of minimum wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT V: IWPCA Straight Time Wage Violation (Class Action)

89. Plaintiff incorporates all preceding paragraphs of this Complaint.

90. Plaintiff brings this count as a class action under Fed.R.Civ.P. 23.

91. At all relevant times, Defendants were aware of their obligation to pay its tipped employees for all time they worked, and are aware of the compensation actually paid to Plaintiffs and the class.

92. Defendants agreed to compensate its employees, including Plaintiffs and the class of tipped employees for all time worked.

93. Defendants, instituted practices that resulted in its tipped employees working certain time without compensation, which includes having accrued work time reduced in the timekeeping system by management personnel. The result was that Defendants failed to compensate Plaintiff and the class of hourly employees for all the time they worked.

WHEREFORE, Plaintiff respectfully request that this Honorable Court:

A. Enter a judgment in the amount of all unpaid wages as provided by the IWPCA;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 115/14(a) and 815 ILCS § 205/2;

C.  Determine the rights of the parties and direct Defendants to account for all hours worked and wages paid to the class members during the temporality of the class;

D.  Enjoin Defendants from violating the IWPCA;

E.  Award reasonable attorneys' fees and costs of this action; and

F.  Grant such other and further relief deemed just.

`Respectfully submitted,

**s/ Valentin T. Narvaez**
One of Plaintiff's attorneys

Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com